PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Justin Lee Rood</u>   Case Number: <u>3:10-00036</u>

Name of Sentencing Judicial Officer: <u>The Honorable Todd J. Campbell, U. S. District Judge</u>

Date of Original Sentence: <u>November 10, 2010</u>

Original Offense: <u>18 U.S.C. § 471, Manufacturing Counterfeit Federal Reserve Notes and 18 U.S.C.§ 472, Passing/Uttering Counterfeit Federal Reserve Notes</u>

Original Sentence: <u>30 months' custody and 2 years' supervised release on each count, concurrent</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>December 14, 2012</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>   Defense Attorney: <u>Ronald C. Small</u>

### PETITIONING THE COURT

<u>  X  </u>  To issue a Summons.
<u>     </u>  To issue a Warrant.

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this _____ day of ___May___, 2014, and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place: Nashville, TN

Date: May 2, 2014

# ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Mr. Rood has tested positive for cocaine on August 15, 2013, August 20, 2013, September 18, 2013, and September 26, 2013.

On August 20, 2013, he admitted using cocaine daily for the past three weeks. On March 25, 2014, he admitted using cocaine recently. On April 7, 2014, he admitted recently using one gram of cocaine

**The defendant shall submit to a program of drug testing.**

| | |
|---|---|
| 2. | Mr. Rood has failed to report for drug testing on March 5, 2014, March 12, 2014, March 19, 2014, and April 24, 2014. |

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Rood began his term of supervised release on December 14, 2012. He is scheduled to terminate supervision on December 13, 2014. He maintained a stable residence from December 2012 to June 2013, with Sandra Connor, a family friend. In June 2013, he moved in with his girlfriend and continues to reside with her.

From February 2013 to May 2013, he was employed full-time with Sportswear Promotions, Inc., in Mt. Juliet, Tennessee. From May 2013 to September 2013, he was employed with Universal Furniture Installers, in Nashville, Tennessee. He has been employed with SCC Sprinkler since October 2013.

Mr. Rood was assessed by Centerstone Mental Health in March 2013. He was diagnosed with Major Depressive Disorder and Amphetamine Dependence. Individual mental health therapy was recommended at that time.

On September 13, 2013, a report requesting no action was submitted to the Court to inform that Mr. Rood tested positive for cocaine on two occasions and had failed to pay restitution and the special assessment fee. As a result of the positive drug tests, substance abuse treatment began and drug testing was increased. No action was ordered at that time.

On October 22, 2013, a report requesting no action was submitted to the Court to inform that Mr. Rood tested positive for cocaine on two additional occasions. No action was ordered at that time.

In October 2013, Mr. Rood completed payment of restitution and the special assessment fee. He has continued to participate in individual mental health counseling and substance abuse treatment to date. He continues to use cocaine despite his involvement in mental health counseling and substance abuse treatment.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that a summons be issued for Mr. Rood so that he may appear before the Court to answer to the violation behavior outlined above.

This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
　　　　　　Vidette Putman
　　　　　　Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION  
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE  
UNITED STATES V. JUSTIN LEE ROOD, CASE NO. 3:10-00036

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003 — PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 7-13 months U.S.S.G. § 7B1.4(a) | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No Recommendation |

**Statutory Provisions:** U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Joshua Smith  
U.S. Probation Officer

Approved: _____  
Vidette Putman  
Supervisory U.S. Probation Officer