PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 47]

Name of Offender: <u>Justin Lee Rood</u>　　　　Case Number: <u>3:10-00036</u>

Name of Sentencing Judicial Officer: <u>The Honorable Todd J. Campbell, U. S. District Judge</u>

Date of Original Sentence: <u>November 10, 2010</u>

Original Offense: <u>18 U.S.C. § 471, Manufacturing Counterfeit Federal Reserve Notes and 18 U.S.C.§ 472, Passing/Uttering Counterfeit Federal Reserve Notes</u>

Original Sentence: <u>30 months' custody and 2 years' supervised release on each count, concurrent</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>December 14, 2012</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>　　　　Defense Attorney: <u>Ronald C. Small</u>

---

## PETITIONING THE COURT

____　To issue a Summons.
____　To issue a Warrant.
　X　　To Consider Additional Alleged Violations.

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations
☐ Other

　　　　　　　　　　　　　　　　　　　　　　I declare under penalty of perjury that the
　　　　　　　　　　　　　　　　　　　　　　foregoing is true and correct. Respectfully
　　　　　　　　　　　　　　　　　　　　　　submitted,

Considered this __13__ day of __June__, 2014,
and made a part of the records in the above case.
　　　　　　　　　　　　　　　　　　　　　　　　　Joshua Smith
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Probation Officer

_____　　　　Place　　　　Nashville, TN
　　　　　Todd J. Campbell
　　　　　U.S. District Judge　　　　　　　　　　Date　　　　　June 11, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 47, has been amended as follows:

**Violation No. 1 - has been amended to include additional positive drug tests**
**Violation No. 2 - has been amended to include additional failures to report for drug testing**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall refrain from any unlawful use of a controlled substance.**

    Mr. Rood has tested positive for cocaine on August 15, 2013, August 20, 2013, September 18, 2013, and September 26, 2013.

    On August 20, 2013, he admitted using cocaine daily for the past three weeks. On March 25, 2014, he admitted using cocaine recently. On April 7, 2014, he admitted recently using one gram of cocaine.

    **Mr. Rood tested positive for cocaine on three additional occasions, April 28, May 5, and June 5, 2014.**

2. **The defendant shall submit to a program of drug testing.**

    Mr. Rood has failed to report for drug testing on March 5, 2014, March 12, 2014, March 19, 2014, and April 24, 2014.

    **Mr. Rood failed to report for drug testing on April 24 and June 3, 2014. On June 3, 2014, Mr. Rood informed the probation officer that he attempted to report for testing but was unable to do so by the close of business due to local traffic. He informed the probation officer on June 4, 2014, that he again attempted to report for testing but was unable to report by the close of business due to local traffic. As previously stated, Mr. Rood reported for drug testing on June 5, 2014, and tested positive for cocaine. He denied recent drug use.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Rood began his term of supervised release on December 14, 2012. He is scheduled to terminate supervision on December 13, 2014. He maintained a stable residence from December 2012 to June 2013, with Sandra Connor, a family friend. In June 2013, he moved in with his girlfriend and continues to reside with her.

From February 2013 to May 2013, he was employed full-time with Sportswear Promotions, Inc., in Mt. Juliet, Tennessee. From May 2013 to September 2013, he was employed with Universal Furniture Installers, in Nashville, Tennessee. He began employment with SCC Sprinkler in October 2013.

Mr. Rood was assessed by Centerstone Mental Health in March 2013. He was diagnosed with Major Depressive Disorder and Amphetamine Dependence. Individual mental health therapy was recommended at that time.

On September 13, 2013, a report requesting no action was submitted to the Court to inform that Mr. Rood tested positive for cocaine on two occasions and had failed to pay restitution and the special assessment fee. As a result of the positive drug tests, substance abuse treatment began and drug testing was increased. No action was ordered at that time.

On October 22, 2013, a report requesting no action was submitted to the Court to inform that Mr. Rood tested positive for cocaine on two additional occasions. No action was ordered at that time.

In October 2013, Mr. Rood completed payment of restitution and the special assessment fee. He has continued to participate in individual mental health counseling and substance abuse treatment to date.

On May 2, 2014, a report requesting a summons was submitted to the Court to inform that Mr. Rood tested positive for cocaine on multiple occasions and failed to report for drug testing on four occasions. He continues to use cocaine despite his involvement in mental health counseling and substance abuse treatment.

Mr. Rood's employment at SCC Sprinkler ended recently in June 2014. He is reportedly working with a friend's business in heating and air.

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violations be considered at the revocation hearing scheduled before Your Honor on June 19, 2014.**

**This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.**

Approved: _____
　　　　　　Vidette Putman
　　　　　　Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JUSTIN LEE ROOD, CASE NO. 3:10-00036

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003 — PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 7-13 months U.S.S.G. § 7B1.4(a) | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No Recommendation |

**Statutory Provisions:** U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Justin Lee Rood

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:10CR00036 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 11 / 10 / 2010
   month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.) _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — V

10. **Range of Imprisonment** *(see §7B1.4(a))* — 7-13 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Justin Lee Rood

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____   Community Confinement _____

    Fine($)        _____   Home Detention           _____

    Other          _____   Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days